ALBANY STEAM TRAP Co. v. FELTHOUSEN and another.

*(Circuit Court, N. D. New York.   August 22, 1885.)*

PATENTS FOR INVENTIONS—STEAM-HEATING APPARATUS.
      On rehearing, former opinion (20 FED. REP. 633) adhered to.

In Equity.
*Dickerson & Dickerson,* for plaintiff.
*E. H. Bottum,* for defendants.

BLATCHFORD, Justice.    Although a rehearing was granted by the court, held by the circuit judge and the district judge, sitting together, as to the second Blessing patent, the reasons which prevailed with them to grant it are not presented, while the grounds on which they held, at the original hearing, that, on a proper construction, the second Blessing patent was not infringed, are set forth in the decision in 22 Blatchf. C. C. 169, 175; S. C. 20 FED. REP. 633.    It was held that there was no infringement of the Merrill patent, or of the first or the second Blessing patent.    No rehearing has been granted as to the Merrill patent, or as to the first Blessing patent.    In the first decision it was said, referring to the Merrill patent and the three Blessing patents:

"The object of the invention in each of these patents was, as in the Merrill patent, to return the waters of condensation automatically to the boiler, to accomplish the same result upon similar principles, but by different and improved mechanism.   In view of the prior state of the art, and of the construction given to the Merrill or foundation patent, it may be said, at the outset, that the claims now to be examined should be confined within exceedingly narrow limits.   Each inventor must be restricted to the specific improvement and the particular device described and claimed by him."

It was held that there was a material difference between the defendants' apparatus and its mode of operation, and the plaintiff's apparatus and its mode of operation, as shown in the second Blessing patent.

In view of the recent decisions of the supreme court as to reissues, the claims of the second Blessing patent cannot be construed more

broadly than the claims of the original. The reissue was applied for more than four and one-half years after the original was granted. The reissue was taken solely to enlarge the claims. The descriptive parts of the two specifications are alike. The claims are enlarged and generalized. The defendants' apparatus does not infringe any claim of the original patent, and, therefore, does not infringe any claim of the reissue, properly construed. The first claim of the reissue discards the short pipe of the first claim of the original, which short pipe is not found in the defendants' apparatus. The other claims of the reissue must be construed as discarding the short pipe, in order to make out infringement. The short pipe is an element in each of the claims of the original patent.

There must be a decree for the defendants as to the second Blessing patent.